**Eduardo Angel ROJAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–90–00273–CR.**

Court of Appeals of Texas,
San Antonio.

April 22, 1992.

Raymond E. Fuchs, Mark Stevens, San Antonio, for appellant.

Fred G. Rodriguez, Former Criminal Dist. Atty., Steven C. Hilbig, Criminal Dist. Atty., Angela Moore, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before CHAPA, BIERY and GARCIA, JJ.

OPINION ON APPELLANT'S MOTION FOR REASONABLE BAIL PENDING FINAL DETERMINATION OF APPEAL

CHAPA, Justice.

In an unpublished opinion, appellant's conviction was reversed by this court, and the cause was remanded for a new trial. *Rojas v. State*, No. 04–90–273–CR (Tex. App.—San Antonio, delivered January 31, 1992). No motion for rehearing or petition for discretionary review was filed. Mandate issued on March 24, 1992. On March 26, 1992, appellant filed a motion for reasonable bail pending final determination of appeal pursuant to TEX.CODE CRIM. PROC. art. 44.04(h).

The question we are faced with is whether article 44.04(h) authorizes a court of appeals to set bail when the request for bail is made after mandate issues. We hold that it does not.

The statute provides:

If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or

the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail.... The defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex. Cr.App.R. 209(c).[1]

Art. 44.04(h).

As we read article 44.04(h), it appears that the legislature intended to provide a way for appellants whose convictions have been reversed to be released on bail before their cases are final on appeal. This is clear from the statute's language that such an appellant is "entitled to release on reasonable bail ... *pending final determination of an appeal by the state or the defendant on a motion for discretionary review.*" *Id.* (emphasis added).[2]

Here, appellant was sentenced to ninety-nine years of confinement. The trial court was not authorized to release him on bail pending appeal. TEX.CODE CRIM.PROC. art. 44.04(b). After our opinion issued reversing his conviction, appellant was entitled to have this court set bail pending final disposition of the appeal so long as the request was made before a petition for discretionary review had been filed. Art. 44.04(h).

Once mandate issues, however, the rules of appellate procedure state:

When the judgment of the appellate court reverses the judgment of the trial court and grants a new trial to the defendant, the cause shall stand as it would have stood in case the new trial had been granted by the trial court, and if in custody and entitled to bail the defendant shall be released upon his giving bail. TEX.R.APP.P. 87(b)(2). When a trial court grants a new trial, the case is restored to its position before the former trial. Rule 32. Of course, at that point, this court does not set bail; pretrial bail is a matter for the trial court in which the case is pending under indictment. Art. 17.21.

After reading article 44.04(h) in conjunction with the rules of appellate procedure, we conclude that the legislature created a window in which this court may set bail following the reversal of a conviction. We may set bail after the opinion issues, if requested before a petition for discretionary review is filed and before mandate issues. Once the mandate issues, however, release on bail must be sought from the trial court authorized to grant pretrial bail. *See* art. 17.21. This is consistent with the expressed purpose of article 44.04(h), which is for bail pending final determination of the appeal.

Accordingly, the motion to set reasonable bail pending final determination of appeal is denied.

---

1. The statute refers to the former Texas Rules of Post Trial and Appellate Procedure in Criminal Cases. Former rule 209(c) provided:

   As used in these rules, "final ruling of the court" means (1) the 16th day after the date of the delivery of the court's opinion or order where a motion for rehearing is permitted under Rule 208 but is not filed or rehearing is not granted on the court's own motion, (2) the day after the date of the overruling of a motion for rehearing where a further motion for rehearing is *not* permitted under Rule 208, or (3) if a motion for rehearing pursuant to Rule 208(d) is granted, the day after the date of the disposition of the case on rehearing, whichever is later.

2. Although the statute provides for bail pending final determination of the appeal, it could be argued that if the Court of Appeals or Court of Criminal Appeals sets bail under art. 44.04(h), and the case is ultimately reversed and remanded for a new trial, then the defendant would be entitled to remain on that bond for the subsequent trial, with exceptions. *See* art. 17.09.