

# NUMBER 13-15-00353-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANTONIO SANTOS,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

### On appeal from the 138th District Court
### of Cameron County, Texas.

# ORDER

**Before Chief Justice Valdez and Justices Rodriguez and Hinojosa**
**Order Per Curiam**

In an unpublished memorandum opinion, we reversed appellant Antonio Santos's conviction, and we remanded the case for a new trial. The State filed a petition for discretionary review that was refused by the Texas Court of Criminal Appeals on September 26, 2018. On October 16, 2018, appellant filed a motion to set bail with our

Court requesting that we set a reasonable bail "during the pendency of this case." Appellant claims that we may order bail as our mandate has not yet issued. We disagree.

Article 44.04(h) authorized a court of appeals to set bail under as follows:

> If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail. If the defendant requests bail after a petition for discretionary review has been filed, the Court of Criminal Appeals shall determine the amount of bail. . . .

TEX. CODE CRIM. PROC. ANN. Art. 44.04(h) (West, Westlaw through 2017 1st C.S.).

As we read article 44.04(h), the Legislature intended for the appellant whose conviction is reversed to be released on bail before the case is final on appeal. *Rojas v. State*, 830 S.W.2d 679, 680 (Tex. App.—San Antonio 1992, no pet.). The language clearly states that such an appellant is "entitled to release on reasonable bail . . . pending final determination of an appeal by the state or the defendant on a motion for discretionary review." *Id.* In addition, article 44.04(h) sets out that the appellant is entitled to have this Court set bail pending final disposition of the appeal so long as the request is made prior to a petition for discretionary review being filed. *Id.*; TEX. CODE CRIM. PROC. ANN. art. 44.04(h).

Here, appellant's request for bail was not made while the case was pending in our Court or prior to the State's petition for discretionary review being filed. Once the State filed its petition for discretionary review, it was incumbent for appellant to file a motion for bail in the court of criminal appeals as set out in article 44.04(h). *See* TEX. CODE CRIM. PROC ANN. art. 44.04(h). However, appellant did not do so. The court of criminal appeals

2

has made a final determination on the State's petition for discretionary review. Our mandate is now due.

The Legislature's express language provides a specific time frame for when we may set bail following the reversal of a conviction. We conclude we may no longer set bail in this case because the State filed a petition for discretionary review, and the cause is no longer pending in this Court. *See* TEX. CODE CRIM. PROC. art. 44.04(h). Once our mandate issues, "the cause shall stand as it would have stood" if the trial court had granted a motion for new trial, and "if in custody and entitled to bail the defendant shall be released upon giving bail." TEX. R. APP. P. 51.2(c); TEX. CODE CRIM. PROC. ANN. art. 44.29(a). Appellant should then seek bail from the trial court. Accordingly, we DENY appellant's motion to grant bail.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of November, 2018.